ber 27, 1911.) Action by Harvey Kernan against Barney Elfin and others. No opinion. Motions denied, without costs. See, also, supra.

KETCHUM, Respondent, v. PRENDER-GAST, Comptroller, Appellant. (Supreme Court, Appellate Division, First Department. October 13, 1911.) In the matter of E. Van R. Ketchum against William A. Prendergast, Comptroller. H. K. Davis, for appellant. C. L. Barber, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

KEYSER v. BROWER et al. (Supreme Court, Appellate Division, First Department. October 13, 1911.) Action by Henry Keyser against William L. Brower and another. No opinion. Motion granted, without costs, so far as to postpone the argument of this appeal to the 8th day of November, 1911.

KILLTY, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. October 27, 1911.) Action by Patrick Killty, an infant, etc., against the City of New York. L. Leale, for appellant. M. Coleman, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

KINKADE v. LIVE OAK COPPER MIN-ING & SMELTING CO. et al. (Supreme Court, Appellate Division, First Department. November 24, 1911.) Appeal from Special Term, New York County. Action by James F. Kinkade against the Live Oak Copper Mining & Smelting Company, impleaded, etc. From an order granting plaintiff's motion to resettle findings, etc., defendant appeals. Modified and affirmed. Nelson Zabriskie, for appellant. J. Aspinwall Hodge, for respondent.

PER CURIAM. The order should be modified, by requiring the plaintiff to pay $10 costs of motion and the amount paid by defendant for printing brief for use in this court on appeal from the judgment, and to stipulate to make at his own expense the necessary amendments in the printed case on appeal, and, as so modified, affirmed, with $10 costs and disbursements to the appellant.

KINKADE, Respondent, v. LIVE OAK COPPER MINING CO., Appellant. (Supreme Court, Appellate Division, First Department. November 24, 1911.) Action by James F. Kinkade against the Live Oak Copper Mining Company. N. Zabriskie, for appellant. J. A. Hodge, for respondent. No opinion. Motion granted. Amended case on appeal to be refiled within 10 days. See, also, supra.

KIRK, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Divi-sion, First Department. October 27, 1911.) Action by Margaret J. Kirk against the City of New York. J. C. Palmer, for appellant. L. Leale, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

KIRK v. GALLAGHER. (Supreme Court, Appellate Division, First Department. November 1, 1911.) Appeal from Special Term, New York County. Objections by Hiram M. Kirk to the certificate of nomination of John J. Gal-lagher. From an order sustaining them, Gal-lagher appeals. Reversed, and objections over-ruled. A. G. Meyer, for appellant. H. M. Kirk, for respondent.

PER CURIAM. By the original certificate of nomination, duly executed by the officers of the convention and duly verified, James F. Holy was nominated as candidate of the Inde-pendent League for alderman in the Sixteenth aldermanic district. The original certificate of his nomination certified that L. J. O'Reilly, H. R. Limburg, and J. Hopper were duly appoint-ed by the convention a committee for the pur-poses specified in section 135 of the election law (Consol. Laws 1909, c. 17). That section provides that, if a nomination is duly declined, the committee appointed on the face of such certificate of nomination, as permitted by sections 121 and 123 of the election law, may make a new nomination to fill the vacancy so created, or may supply such defect, as the case may be, by making and filing with the proper officer a certificate setting forth the cause of the vacancy, the name of the new candidate, the title of the office for which he is nominat-ed, the name of the original candidate, the name of the political party or other nominat-ing body which was inscribed on the original certificate, and such further information as is required to be given in an original certificate of nomination. James F. Holy declined the nomination, and filed the certificate with the board of election on October 18, 1911, as re-quired by the election law. Whereupon two of the committee named in the original certifi-cate of nomination nominated as a new candi-date in Holy's place, John P. Gallagher, and a new certificate to that effect was duly filed with the board of election on October 23d. We think that this certificate complies with sec-tion 135 of the election law, and that this nomi-nation was regular. The order sustaining the objections to the certificate is therefore revers-ed, and the objections overruled.

KNABE v. DORLAND. (Supreme Court, Appellate Division, First Department. Octo-ber 13, 1911.) Action by William Knabe against Mabelle H. Dorland. No opinion. Mo-tion denied, with $10 costs. Settle order on notice.

KNICKERBOCKER TRUST CO. v. ONE-ONTA, C. & R. S. R. CO. et al. (Supreme Court, Appellate Division, Third Department. September 28, 1911.) Action by the Knicker-bocker Trust Company, as trustee, against the Oneonta, Cooperstown & Richfield Springs